IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Brandon Allen Bowman, # 22775, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 6:15-1216-BHH-KFM |
| | ) |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| | ) |
| Colleton County Sheriff's Office, | ) |
| Sheriff Andy Strickland, Captain Jodie | ) |
| Taylor, Officer Theron Grant, | ) |
| Solicitor Tameaka Legette, and | ) |
| Cpl. C. Stivender, | ) |
| | ) |
| Defendants. | ) |

The plaintiff is a pre-trial detainee at the Colleton County Detention Center in Walterboro, South Carolina.  Defendant Andy Strickland is the Sheriff of Colleton County. Defendant Jodie Taylor is employed by the Colleton County Sheriff's Office at the Colleton County Detention Center.  Defendant Theron Grant is an officer for the Colleton County Sheriff's Office.  "Solicitor" Legette is an Assistant Solicitor for the Fourteenth Judicial Circuit of South Carolina.  Cpl. C. Stivender is a detective with the "City Police Department" (apparently the City of Walterboro Police Department).

The above-captioned case arises out of a suit brought by a purported unincorporated association, *We the People v. Andy Strickland, et al.*, Civil Action No. 6:15-698-BHH-KFM, which was filed on February 23, 2015.  In an order (doc. 30) filed in Civil Action No. 6:15-698-BHH-KFM on February 24, 2015, the undersigned apprised the prisoners comprising the unincorporated association that they cannot represent the unincorporated association in federal court and directed the Clerk's Office to send Section

1983 forms to each of the prisoners comprising "We the People." Most of the prisoners comprising "We the People" submitted their own individual cases. Although all the individually-submitted cases raised claims relating to conditions at the Colleton County Detention Center, each case also contained diverse claims relating to pending criminal cases. For example, in the instant case, the plaintiff raises claims concerning his criminal case. In the other cases received, prisoners brought claims against investigating law enforcement personnel, prosecutors (Assistant Solicitors and a Solicitor), county magistrates, South Carolina Circuit judges, and court-appointed attorneys. Hence, the undersigned determined that these cases were not appropriate for consolidation. After the prisoners filed their own individual cases, the undersigned on April 6, 2015, issued a Report and Recommendation that Civil Action No. 6:15-698-BHH-KFM be dismissed *without prejudice* because *pro se* litigants may not represent an unincorporated association in federal court (doc. 35).

The STATEMENT OF CLAIM portion of the Section 1983 complaint in the above-captioned case reveals that this civil rights action arises out of conditions and visitation policies at the Colleton County Detention Center and out of the plaintiff's pending criminal cases. In a separately-filed order, the undersigned is authorizing service of process upon defendant Andy Strickland and defendant Jodie Taylor with respect to matters and conditions at the Colleton County Detention Center.

Specifically, the plaintiff alleges: (1) on April 11, 2013, Colleton County Sheriff's Officers with assault rifles arrested the plaintiff without reading him his rights (doc. 1 at 3); (2) Officer Brown told the plaintiff that he would shoot him if he turned around (*id*.); (3) although the plaintiff told the officers he would not talk without an attorney present, Sheriff Strickland and others tried to interrogate the plaintiff and would not let him make a phone call (*id*. at 3–4); (4) two months later, the plaintiff gave to "Solicitor" Legette a statement in which the victim stated that the plaintiff was not the person who committed the

crime (*id*. at 4); (5) the plaintiff was transported to the Beaufort County Detention Center, but the plaintiff's attorney of record was not notified (*id*.); (6) on July 5, 2013, Case No. 2013A1510100540–538 was dismissed because of lack of evidence, and the plaintiff was taken back to the Beaufort County Detention Center to be held for Colleton County (*id*. at 4–5); (7) while the plaintiff was being transported, Detective Niles and Detective Atwood attempted to question the plaintiff without his attorney present (*id*. at 5); (8) while the plaintiff was at the Beaufort County Detention Center, the plaintiff was denied "proper" medical treatment because Colleton County refused to pay (*id*.); (9) in November 2013, the plaintiff was brought back to the Colleton County Jail, but the plaintiff has not received medical treatment, including referral to a specialist; (*id*. at 6); (10) in August 2013, the plaintiff filed a speedy trial motion, but Solicitor Legette failed to comply with the 180-day limit (*id*.); (11) on July 5, 2013, "case #2013A1510100540, 538" was dismissed by Judge Keisha Gadsden, but the jail staff refused to update the plaintiff's information in the jail computer system to keep the plaintiff from bonding out (*id*.); (12) the plaintiff complained to jail officials but learned that the magistrate office had not sent the paperwork to the jail (*id*. at 7); (13) the plaintiff is kept in a "mold and rusted" cell for twenty-three hours a day (*id*.); (14) on April 16, 2013, the plaintiff was denied bond on a first-offense drug charge, which is cruel and unusual punishment because the plaintiff is entitled to bail (*id*. at 8); (15) the plaintiff is being held because the victim is the Sheriff's first cousin (*id*.); (16) the plaintiff was granted a $30,000 bond by Judge Murphy, but when the plaintiff tried to bond out, he was told that bail had been denied; (17) the plaintiff was held for almost another year until bond was granted by the Court of General Sessions (*id*.); (18) the plaintiff and the people of the Colleton County Detention Center and community cry to the federal court for help (*id*. at 9); (19) the plaintiff was arrested, thrown against a "storage" house, and threatened (*id*. at 9–10); (20) the plaintiff was told by officers how they harassed and set up black suspects (*id*. at 10); (21) Solicitor Legette has stated that the plaintiff's case is "special" so the plaintiff will not receive

a fair trial (*id*. at 11); (22) other witnesses heard Solicitor Legette say this (*id*.); and (23) the "Co's" at the Colleton use racial epithets (*id*.). In his prayer for relief, the plaintiff seeks an investigation of the Colleton County "Justice system," including the Detention Center, the Sheriff's Office, the Solicitor's Office, and the Public Defender; dismissal of the various indictments; impeachment of Sheriff Strickland; and $195,000 for every day that the plaintiff has been detained (*id*. at 12).

Appended to the complaint are various exhibits. Those exhibits include the plaintiff's summary (doc. 1-3); letters to the Magistrate Court for Colleton County and an inmate grievance form (doc. 1-4); requests to detention center staff, grievances, and a medical grievance form (doc. 1-5); copies of a request to staff (doc. 1-6 at 1); copies of a motion filed by counsel for plaintiff in Indictment No. 2013-GS-15-401 on December 6, 2013 (doc. 1-6 at 2–4); an inmate grievance form dated April 28, 2014 (doc. 1-7 at 1); a motion to reduce bond (doc. 1-7 at 2–3); an inmate grievance form dated May 6, 2014 (doc. 1-7 at 4–5); a letter from plaintiff to Assistant Solicitor Legette apparently mailed in October 2014 (doc. 1-5 at 6); and an undated letter from the plaintiff to a "Judge Buckner" (doc. 1-7 at 7).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to ***partial*** summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The Colleton County Sheriff's Office is subject to summary dismissal because of Eleventh Amendment immunity. The Eleventh Amendment prohibits federal courts from entertaining an action against a state. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550 (Westlaw 2015); 1975 S.C.Att'y.Gen'l.Op. No. 47 (Jan. 22, 1975); and S.C. Code Ann. § 23-13-10 (Westlaw 2015), which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff; *see also Edwards v. Lexington Cnty. Sheriff's Dep't*, 688 S.E.2d 125, 127 n.1 (S.C. 2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); *Allen v. Fid. and Deposit Co.*, 515 F. Supp. 1185, 1189–91 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County); and *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State.").

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169–70 (1898); *Nivens v. Gilchrist*, 319 F.3d 151, 158–62 (4th Cir. 2003); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50–53 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc.*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this federal court from enjoining such proceedings. Further, the plaintiff cannot obtain dismissal of his pending criminal charges in this civil rights action. *See Johnson v. Ozmint*, 567 F. Supp. 2d

806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983).

One of the plaintiff's exhibits indicates that the plaintiff has been charged with arson, attempted murder, and possession of a weapon (doc. 1-7 at 2–3). A $65,000 "cash/surety bond" was set in April 2013, but the plaintiff has not been able to make bond (*id*. at 6). The Public Index for the Colleton County Clerk of Court website (http://publicindex.sccourts.org/colleton/publicindex/, last visited on Apr. 20, 2015) indicates that the plaintiff has various pending charges: manufacture or distribution of cocaine base (Indictment No. 2013-GS-15-00401; trued billed on Sept. 26, 2013); murder (Indictment No. 2013-GS-15-00809; true billed on Sept. 26, 2013); possession of a weapon during a violent crime (Indictment No. 2013-GS-15-00810; true billed on Sept. 26, 2013); attempted murder (Indictment No. 2013-GS-15-00375; true billed on Sept. 26, 2013); a second charge of attempted murder (Indictment No. 2013-GS-15-00408; true billed on Oct. 31, 2013); and manufacture or distribution of cocaine base (Indictment No. 2013-GS-15-00401; true billed on Sept. 26, 2013). This federal court may take judicial notice of the plaintiff's criminal cases. See *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, at *3 n. 1 (D.S.C. May 10, 2011) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records), *adopted by* 2011 WL 2162184 (D.S.C. June 1, 2011).

A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. *See Provet v. South Carolina*, Civil Action No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007). Moreover, the plaintiff has not raised a valid claim of malicious prosecution on the various charges because the charges have not been resolved in his favor. *See McCormick v. Wright*, Civil Action No. 2:10-0033-RBH-RSC, 2010 WL 565303, at *3 (D.S.C. Feb. 17, 2010) ("Plaintiff has certainly not alleged the element that the state criminal charges against him have been resolved in his favor so a malicious prosecution claim appears to be

premature."). Hence, Officer Grant and Detective Stivender should be summarily dismissed from this action for activities related to the investigation of the plaintiff's criminal charges.

In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const. Article V, § 24; and S.C. Code Ann. § 1-7-310. Solicitors are elected by voters of a judicial circuit. Prosecutors, such as Assistant Solicitor Legette, have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 344–49 (2009); *Buckley v. Fitzsimmons*, 509 U.S. 259, 268–75 (1993); *Burns v. Reed*, 500 U.S. 478, 490–92 (1991); and *Dababnah v. Keller-Burnside*, 208 F.3d 467, 471–72 (4th Cir. 2000).

In this civil rights action, the plaintiff cannot obtain a federal investigation of the "Colleton County Justice System." *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); and *Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1981).

This federal court cannot "impeach" Sheriff Strickland. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court).

It is, therefore, recommended that the district court summarily dismiss the Colleton County Sheriff's Office, Officer Theron Grant, (Assistant) Solicitor Tameaka Legette, and Cpl. J. Stivender *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

April 21, 2015                                             s/ Kevin F. McDonald
Greenville, South Carolina                       United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).